I respectfully dissent from the majority opinion's disposition of this appeal. A review of appellant's sentencing hearing demonstrates the trial court complied with the statutory requirements in imposing the terms it chose; therefore, I would overrule appellant's assignments of error and affirm his sentence.
When appellant's case was called for sentencing, the trial court first discussed with appellant his use of both PCP and marijuana. Appellant admitted he was aware of the effect of PCP and also was aware that mixing it with marijuana enhanced its tendency to provoke animalistic behavior in him. The trial court then read from the witness reports of the incident and listened to Boyd describe the incident's effects upon her and her child.
The trial court thereupon stated it recognized appellant's previous criminal record consisted of mainly misdemeanors, traffic offenses and nolles, but [found] that the minimum sentence of two years for this (sic) crime would seriously demean the seriousness of the event, especially in view of appellant's family relationship to the victims.
The trial court stated it was imposing a sentence of six years on count one because, by that time, little Anthony will be six years old, possibly seven. The trial court also sentenced appellant to three years on the attempted felonious assault count, having found that running them consecutive (sic) is necessary to protect the public, mainly children of tender years, as well as to punish the defendant because of his knowing conduct, knowing how he reacts to PCP, especially when combined with marijuana.
Finally, the court stated it found the combined sentence of nine years would (sic) not disproportionate to the seriousness of this conduct, acting inhuman (sic) towards a nine month old baby when the harm caused by this act has not yet fully shown itself. * * * [The victims were] traumatized by it * * *.
The foregoing review of the trial court's findings and comments reveals the trial court decided to impose consecutive sentences because: 1) they were necessary to protect the public; 2) they were not disproportionate to appellant's conduct and to the dangerousness of appellant's conduct; and, 3) the harm caused by the offenses was so great as to justify multiple prison terms in order to adequately reflect the seriousness of appellant's conduct. The majority opinion, as it must, therefore acknowledges the requirements of R.C. 2929.14(E)(4) were met in this case.
Nevertheless, the majority finds a term of three years for a bite on the baby's mother's thumb is a disproportionate sentence. In my opinion, the trial court explained its reasons for choosing this particular term: despite appellant's awareness of the effect of the combined drugs on his behavior, he proceeded to visit Boyd, even though she treated him as family, and even though he knew she had young children in her home.
The trial court found this conduct was particularly egregious since Boyd was unsuccessful in her efforts to free her baby from appellant's drug-induced rage. It alluded to the devastating psychological effects the mother and her child must have experienced during this frantic episode, being suddenly thrust into a life-or-death struggle with the unthinking beast appellant had become. I see nothing disproportionate in the trial court's assessment of the circumstances.
Additionally, in compliance with R.C. 2929.14(B) and State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, the trial court indicated it had considered the fact that appellant previously had not served a prison term, but decided to deviate from the minimum because, otherwise, the seriousness of appellant's conduct would be demeaned. It was not required to provide further reasons. Id. This court previously has accepted that a trial court's reasons for deviation may be the same as its reasons for its decision to impose consecutive terms. State v. Youngblood (May 17, 2001), Cuyahoga App. No. 77997.
Accordingly, based upon the facts of this case, I would overrule both of appellant's assignments of error and affirm his sentence.